*G. Bemis*, for the petitioners.

*W. Sohier*, for the respondents.

## COMMONWEALTH *vs.* WILLIAM McLAUGHLIN.

In this commonwealth a count for a common assault may be joined in the same indictment with a count for a felonious assault, if both counts relate to the same transaction ; and the defendant may be acquitted of the greater and convicted of the less offence.

THE defendant was tried in the municipal court, Boston, upon an indictment containing two counts. The first count alleged that the defendant " on the twenty-fifth day of May, 1853, at Boston aforesaid, with force and arms, the said William being then and there armed with a dangerous weapon called a pistol, in and upon one Rufus Blanchard, then and there in the peace of said commonwealth being, an assault did make, with the felonious intent to rob by assault and putting in fear, and by so doing, and by force of the statute in

such case made and provided, he, the said William McLaughlin, is deemed a felonious assaulter. And so the jurors aforesaid, on their oath aforesaid, do say and present, that the said McLaughlin, at Boston aforesaid, on the said twenty-fifth day of said May, with force and arms, feloniously assaulted the said Blanchard with said felonious intent and in manner and form aforesaid, against the peace, &c."

The second count averred that the defendant, " on the twenty-fifth day of May, in the year of our Lord one thousand eight hundred and fifty-three, at Boston aforesaid, with force and arms, in and upon one Rufus Blanchard, then and there being in the peace of said commonwealth, an assault did make, with a pistol loaded, capped, and aimed, and him then and there did beat, bruise, wound, and evil treat, and other injuries to him, the said Blanchard, did then and there commit, to his great damage, and against the law, peace, and dignity of said commonwealth."

Being acquitted on the first and convicted on the second count, the defendant moved in arrest of judgment, because " the same offence is set forth in both counts, and the findings of the jury thereon are repugnant and void ; also, because a count for a felony and a count for a misdemeanor, are joined in the same indictment. But *Mellen,* J., overruled the motion, and the defendant excepted to the ruling.

*B. F. Butler,* for the defendant. 1st. The indictment contains two counts for the same offence, the first alleging an aggravated form of the charge made in the second. By statute (however it might have been common law) in case of a felony, the defendant might have been convicted under the first count of all with which he is charged in the second, and acquitted of the residue. Rev. Sts. *c.* 137, § 11. The jury have then acquitted him in the first count, of all that he is charged with and found guilty of in the second count, which is contradictory. Stark. Cr. Pl. 381. It will be observed that with regard to the identity of the offences here, the assault is not laid an " other " assault. The finding of guilty of part of the offence and not guilty of the residue in one count even was never allowed at common law, when

the defendant lost any advantage by it. Stark. Cr. Pl. 382; *Rex* v. *Westbeer*, 2 Stra. 1133.

2d. Offences differing in their nature, as felony and misdemeanor, cannot be joined; and the misjoinder may be taken advantage of in arrest of judgment. Stark. Cr. Pl. 46; *Young* v. *The King*, 3 T. R. 103; *King* v. *Kingston*, 8 East, 41; *Carlton* v. *Commonwealth*, 5 Met. 534.

*G. P. Sanger*, (district-attorney,) for the commonwealth.

DEWEY, J. No sufficient cause is shown for arresting the judgment in this case. It is true, as stated in the authority cited by the counsel for the defendant, that generally speaking, offences differing in their natures, one being a felony, and the other a misdemeanor, ought not to be joined. But the practice in this commonwealth has fully sustained a joinder of such counts where they have been a kindred line of offences. It is allowed always where several counts are introduced for the purpose of meeting the evidence as it may transpire on the trial, all the counts being substantially for the same offence. *Carlton* v. *Commonwealth*, 5 Met. 532.

It is held that the introduction of several counts which merely describe the same transaction in different ways, cannot in general be made the subject of objection on arrest of judgment.

In case of *The People* v. *Rynders*, 12 Wend. 426, it was held that where the offences are of the same character, differing only in degree, they may be united in the same indictment and different counts. The case of *Harman* v. *Commonwealth*, 12 S. & R. 69, is to the same effect. The first count charged the defendant with the commission of a rape, and the second with an assault with an intent to commit a rape. The court, in their opinion, say, that considering the general rule to have been as stated, the case is not within it. The case of *Burke* v. *State*, 2 Har. & Johns. 426, was like it, and the court held in the same manner. In *Regina* v. *Jones*, 8 Car. & Payne, 776, an indictment in which, in the first count the party was charged with stabbing with intent to murder, and in a subsequent count, with a common assault, it was held that the latter did not vitiate, and that judgment might be entered

on the count charging the felony, and this was approved by all the judges, upon a case reserved. In felonies, it is usual to charge the offence in several distinct counts to meet the evidence, and the party may well be convicted upon the one less aggravated. *Commonwealth* v. *Hope*, 22 Pick 1; *Josslyn* v. *Commonwealth*, 6 Met. 236.

Certainly, where the offence charged in the second count is necessarily embraced in the charge in the first count, and all the evidence, to sustain it, might have been given under the first count, and a conviction of the charge well authorized as a substantive part of the first count, it cannot be objected that the same is stated in a second count, nor is a verdict of not guilty on the first count inconsistent with a verdict of guilty on the second count. In such case, the party is not embarrassed on his trial, or precluded from a full opportunity for defence against the charges. The verdict of not guilty on the first count, so far from operating to defeat the verdict of guilty on the second, in the present case, in fact removes the objection in arrest, as effectually as if the entering judgment on one count only, which is said in 1 Chit. Crim. Law, 255, to avoid the motion in arrest for misjoinder of counts, after verdict. *Motion in arrest decreed.*